UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| CHRISTIN D. HOWARD, | ) |
| Petitioner, | ) ) ) |
| v. | ) No. 1:19-cv-02760-SEB-TAB |
| WARDEN, Miami Correctional Facility, | ) ) ) |
| Respondent. | ) ) |

**Order Dismissing Petition for Writ of Habeas Corpus
and Directing Entry of Final Judgment**

The petition of Christin D. Howard for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenges the failure of the Indiana Department of Correction ("IDOC") to restore good time credits that were lost through a 2018 disciplinary proceeding. For the reasons explained in this Order, Mr. Howard's habeas petition must be **denied.**

**I. Procedural History**

On April 13, 2018, Mr. Howard lost 180 days of earned credit time as a result of being found guilty of attempting to engage in trafficking in disciplinary case STP 18-04-0024. Dkt. 7-1 at 18; dkt. 7-5. Mr. Howard petitioned for restoration of earned credit time on April 30, 2019. He was denied the restoration he sought because the April 2018 charge was a Code A111/113. Dkt. 7-4. Mr. Howard alleges that this constituted an *ex post facto* application of IDOC policy regarding the restoration of an offender's earned credit time. *See* Ind. Code. § 35-50-6-5(c) (2018).

**II. Discussion**

The Respondent argues that Mr. Howard failed to exhaust his constitutional claims by bringing them to a state court. The Court agrees.

Mr. Howard was sentenced for his current commitment on September 13, 2017. Dkt. 7-1

at 3. In his petition, Mr. Howard misstates the date of his disciplinary offense as April 2, 2013, dkt. 1 at 3, when, in fact, it was in April 2018. Dkt. 1-1.

The current IDOC disciplinary code's restoration policy was enacted in June 2015.

Habeas petitioners must exhaust their available state court remedies before coming to federal court.

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that--
> (A) the applicant has exhausted the remedies available in the courts of the State; or
> (B)(i) there is an absence of available State corrective process; or
> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

28 U.S.C. § 2254(b)(1).

Indiana state courts lack jurisdiction to review due process claims when they relate to the original deprivation of earned credit time, *see Blanck v. Ind. Dept. of Corr.*, 829 N.E.2d 505 (Ind. 2005), but Mr. Howard is not challenging the *loss* of earned credit time. Rather, he is challenging the IDOC's failure to *restore* previously deprived earned credit time, a claim that Indiana courts have authority to review. *See Young v. Ind. Dept. of Corr.,* 22 N.E.3d 716 (Ind. Ct. App. 2014); *Budd v. State,* 935 N.E.2d 746 (Ind. Ct. App. 2010); *see also Gates v. Butts,* 1:17-cv-1921-SEB-TAB, 2018 WL 1992425 (S.D. April 27, 2018) (petitioner must exhaust *ex post facto* claim challenging policy concerning restoration of credit time).

Procedural default caused by failure to exhaust state remedies can be overcome if the petitioner shows cause and prejudice or shows that failure to consider the claims will result in a fundamental miscarriage of justice. *Coleman v. Thompson,* 501 U.S. 722, 750 (1991); *Moffat v. Broyles,* 288 F.3d 978, 982 (7th Cir. 2002). Mr. Howard has not filed a reply nor has he otherwise made a showing of cause and prejudice.

### III. Conclusion

Mr. Howard has failed to exhaust his state court remedies and has not shown the existence of circumstances permitting him to overcome this hurdle. Therefore, the action is dismissed without prejudice for failure to exhaust state court remedies.

Judgment consistent with this Order shall now issue.

**The clerk** is requested to **substitute** the Respondent as Warden, Miami Correctional Facility, because Mr. Howard is currently confined at that facility.

**IT IS SO ORDERED.**

Date: 3/17/2020

*Sarah Evans Barker*

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

CHRISTIN D. HOWARD
135612
MIAMI - CF
MIAMI CORRECTIONAL FACILITY
Inmate Mail/Parcels
3038 West 850 South
Bunker Hill, IN 46914-9810

Aaron T. Craft
INDIANA ATTORNEY GENERAL
aaron.craft@atg.in.gov